UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR P. SIGUENZA, | | |
| Plaintiff, | | No. 23 C 00033 |
| v. | | Judge Thomas M. Durkin |
| CITY OF CHICAGO; AMELIA KESSEM; and PETER BIEDRON, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Cesar P. Siguenza ("Siguenza") sues the City of Chicago (the "City"), Sergeant Amelia Kessem, and Officer Peter Biedron (collectively, "Defendants") under 42 U.S.C. § 1983, alleging violations of his constitutional rights related to an arrest and resulting charges for driving under the influence of alcohol. Defendants filed motions to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). R. 27, 29. For the following reasons, those motions are granted in full, and the Amended Complaint, R. 24, is dismissed without prejudice.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

1

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On July 18, 2021, Officer Peter Biedron ("Biedron") responded to an automobile accident at the corner of North Austin Avenue and West Byron Street in Chicago, Illinois.[1] R. 24 ¶¶ 1, 12. Biedron investigated the crash and allowed Siguenza to leave the scene of the accident without issuing any citations to him. *Id.* ¶ 12. Subsequently, Sergeant Amelia Kessem ("Kessem") arrived at the scene. *Id.* ¶ 13. She and Biedron then proceeded to Siguenza's home over an hour later, where they arrested him, handcuffed him, and placed him inside a police car, allegedly "without lawful justification." *Id.* ¶¶ 13–14. Siguenza was detained and thereafter charged with

---

[1] The Amended Complaint does not state that Siguenza was himself involved in the crash, though the Court assumes Siguenza was involved from the other allegations in the Amended Complaint.

driving under the influence of alcohol ("DUI"). *Id.* ¶¶ 1, 15. Over one year later, on October 28, 2022, the criminal charges against him were dismissed by the Cook County State's Attorney's Office. *Id.* ¶ 3, 17.

Siguenza, allegedly a decorated Marine Corps veteran and Chicago police officer, was thereafter stripped of his police powers and lost his job. *Id.* ¶¶ 2, 16, 20. Siguenza further alleges that Defendant's conduct caused him mental distress and caused him to spend a substantial sum on attorneys to defend him in the criminal case and various administrative hearings. *Id.* ¶¶ 19–20.

Siguenza filed this case against Defendants under 42 U.S.C. § 1983, alleging that Kessem and Biedron, acting under color of law, violated his Fourth Amendment rights by conducting an illegal seizure (Count I), false arrest, and unlawful detention without probable cause (Count II). He also alleges that his Fourteenth Amendment substantive due process rights were violated (Count III), that Kessem and Biedron failed to intervene to prevent the violation of his constitutional rights (Count IV), that Kessem and Biedron engaged in a conspiracy to violate his constitutional rights (Count V), and that Kessem and Biedron engaged in malicious prosecution under Illinois law by providing false information to prosecutors (Count VII). He further alleges an Illinois state law claim for false arrest imprisonment (Count VIII). Siguenza seeks to hold the City liable under a theory of indemnification (Count IX) and under *Monell* for failing to promulgate adequate rules or policies, or alternatively, because Kessem and Biedron were acting pursuant to a widespread practice or custom of seizing, arresting, and detaining those not reasonably suspected

of criminal activity, or because they were otherwise acting with the knowledge and approval of persons with final policymaking authority (Count VI). The individual officers and the City each filed separate motions to dismiss the claims against them under Federal Rule of Civil Procedure 12(b)(6). R. 27, 29.

## Discussion

Kessem and Biedron base their motion to dismiss on two arguments: first, that body worn camera ("BWC") footage of the events at issue contradicts Siguenza's claims by showing that the officers had probable cause to arrest him; and second, that the Amended Complaint fails to allege sufficient factual matter to support Siguenza's claims. Though this Court cannot consider the BWC footage at this stage of the proceedings because it was neither attached to nor referenced in the Amended Complaint,[2] dismissal of Siguenza's claims against Kessem and Biedron is proper

---

[2] A Rule 12(b)(6) motion "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey*, 890 F.3d at 648 (citing Fed. R. Civ. P. 10(c)). The exception for documents referenced in and central to a complaint has been extended to include video recordings. *Bogie v. Rosenberg*, 705 F. 3d 603, 609 (7th Cir. 2013). Kessem and Biedron argue that the Court can consider the BWC footage without converting their motion to dismiss to one for summary judgment because the events depicted in the footage are central to Siguenza's claims and show in real time the alleged wrongs. What they fail to acknowledge is that centrality to the plaintiff's claims is not enough. Rather, the video must also be referenced in the complaint. *Bogie*, 705 F. 3d at 609 (extending the incorporation by reference exception to video footage that was attached to and referenced in the complaint). The Amended Complaint here does not reference video footage of the events at issue in any way. The cases cited by Kessem and Biedron are distinguishable for that reason. *See, e.g.*, *Ree v. City of Chicago*, No. 22 CV 4284, 2023 WL 3123761, at *4 (N.D. Ill. Apr. 27, 2023) (reviewing interrogation video recording referenced in the complaint); *Hyung Seok Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at *9–10 (N.D. Ill. Sept. 24, 2013) (in deciding motion to dismiss, reviewing video that was "referred to by the . . . complaint and is central to [the plaintiffs']

4

because the Amended Complaint fails to plead sufficient facts to establish a reasonable inference of liability. And because Siguenza's constitutional claims against Kessem and Biedron do not survive, neither can his claims attempting to hold the City liable under *Monell* or a theory of indemnification.

## I. Claims Against the Officer Defendants

### a. Illegal Seizure (Count I)

Siguenza first attempts to make out a claim for an "illegal seizure" by merely stating that Kessem and Biedron, "acting under color of law," engaged in "objectively unreasonable" conduct, "undertaken intentionally, with willful indifference to Plaintiff's constitutional rights." R. 24 at ¶ 23. The Complaint does not provide any factual details about the allegedly illegal seizure (other than the very fact that Siguenza was arrested), nor about why the officers' conduct was "objectively unreasonable." This is insufficient to state a claim because it merely recites the elements of the cause of action without factual detail. *Twombly*, 550 U.S. at 555. And, as pleaded, Kessem and Biedron are not placed on notice of the nature of the illegal seizure claim. *Id.* (allegations in complaint must provide defendants with "fair notice" of the claim). They cannot determine, for example, if Siguenza alleges their actions were unreasonable during the initial investigation, when the officers were questioning him at his home, when Siguenza was handcuffed, when he was detained

_____

claim"). Review of the BWC footage is unnecessary. Because the Court can grant Kessem's and Biedron's motion on the face of the pleadings, the Court declines to convert their motion to one for summary judgment by reviewing the BWC footage at this stage of the proceedings.

in the police car, or at some other time. Nor can they determine which of their actions are the basis for Siguenza's claim. Because Count I is insufficiently pled, it must be dismissed.[3]

### b. False Arrest/Unlawful Detention (Count II)

Count II, captioned "False Arrest/Unlawful Detention," alleges that Kessem and Biedron falsely arrested Siguenza "unreasonably and without probable cause." R. 24 at ¶ 28. First, to the extent that Count II is an unlawful detention claim, it must be dismissed because the Amended Complaint does not allege any details regarding Siguenza's detention. *Stephenson v. City of Chicago*, No. 1:21-cv-00338, 2021 WL 3550325, at *2 (N.D. Ill. Aug. 11, 2021) (dismissing plaintiff's unlawful pretrial detention claim where the complaint failed to allege factual details regarding his incarceration).

And to the extent that Count II is predicated on a false arrest claim, it still cannot survive dismissal. In order to state a facially plausible claim for false arrest, the facts alleged in the complaint must allow the Court to draw the reasonable inference that his arrest was not supported by probable cause, and that the defendants knew they lacked probable cause. *See McBride v. Grice*, 576 F.3d 703, 706 (7th Cir. 2009). But the Amended Complaint here merely states, without factual

---

[3] Siguenza's response brief does not address Kessem and Biedron's arguments in support of dismissal for this claim, nor for Counts III, IV, V, VII, and VIII. "[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995). A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a forfeiture. *County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 818 (7th Cir. 2006).

detail, that the officers arrested and detained Siguenza "without probable cause." R.
24 at ¶ 28. This is a conclusory allegation that, without more factual detail, is
insufficient to establish a claim. *Roldan v. Town of Cicero*, No. 1:17-cv-03707, 2018
WL 1469011, at *5 (N.D. Ill. Mar. 26, 2018) ("Plaintiff cannot establish a Fourth
Amendment claim by merely asserting that he was arrested and detained without
probable cause."); *see also Daniels v. Southfort*, 6 F.3d 482, 484–85 (7th Cir. 1993)
(holding that allegations that the defendant officers "searched and arrested the
plaintiff without probable cause" were "too vague to be cognizable at law");
*Stephenson*, 2021 WL 3550325, at *2 ("Plaintiff's allegations that the defendants
lacked probable cause are conclusory and insufficient to state a claim.");

Siguenza argues that his false arrest claim is adequately supported by other
facts in the Amended Complaint, namely, that a traffic accident occurred, that
Biedron allowed him to leave the scene without a citation, that Biedron and Kessem
arrived at his home over an hour later, that the officers arrested him "without legal
justification," and that the Cook County State's Attorney's Office dropped the DUI
charges a year later. But even when viewed in the light most favorable to Siguenza,
these facts do not establish the absence of probable cause. Merely stating an arrest
occurred "without legal justification" is a legal conclusion. And critically, Siguenza
does not allege the facts known to the officers that failed to establish probable cause,
nor does he allege that he was not doing anything suspicious. *Roldan*, 2018 WL
1469011, at *5 (Complaint did not allege absence of probable cause because it did not
"allege what facts were known to [the officers] at the time of [the plaintiff's] arrest or

at other relevant times."); *Neita v. Travis*, No. 1:14-cv-01107, 2015 WL 394117, at *3 (N.D. Ill. Jan. 29, 2015) (dismissing Fourth Amendment claim where the plaintiff "omitted any factual allegations about the facts and circumstances known to defendants at the time of [his] arrest"). Additionally, the Amended Complaint does not address why the DUI charges were dropped by the State's Attorney. Even if they were dropped for lack of evidence, this does not establish that Kessem and Biedron lacked probable cause at the time of Siguenza's arrest. Because Count II relies on conclusory statements, it is dismissed.

### c. Substantive Due Process (Count III)

Next, Siguenza alleges that his 14th Amendment substantive due process rights were violated because the officers' actions "were so arbitrary as to shock the conscience, and were undertaken intentionally, with malice and reckless indifference to [his] rights." R. 24 ¶ 34. But once again, this is merely a recitation of the elements of a substantive due process violation without factual color. *Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021) (quoting *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019)) (To state a substantive due process violation, a plaintiff needs to "allege conduct under color of state law that 'violated a fundamental right or liberty' and was so 'arbitrary and irrational' as to 'shock the conscience.'").

Moreover, to the extent that this claim is predicated on the same violations as Siguenza's Fourth Amendment claims, it cannot stand. "[A] substantive due process claim may not be maintained where a specific constitutional provision protects the right at issue." *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (citing *Nat'l*

*Aeronautics & Space Admin. v. Nelson*, 562 U.S. 134, 162 (2011) (Scalia, J., concurring in judgment)). Directly on point, the Supreme Court has specifically denied a substantive due process claim for a right to be free from prosecution without probable cause. *Albright v. Oliver*, 510 U.S. 266, 269–71 (1994). The Court held that because the Framers drafted the Fourth Amendment specifically to address "pretrial deprivations of liberty," claims regarding a lack of probable cause are only cognizable under the Fourth Amendment. *Id.* at 274; *id.* at 290 (Souter, J., concurring in judgment). Similarly here, any claim that Siguenza's arrest and criminal charges were not supported by probable cause is governed specifically by the Fourth Amendment. *Alexander v. McKinney*, 692 F.3d at 558 ("The Fourth Amendment, not the due process clause, is the proper basis for challenging the lawfulness of an arrest."). Siguenza therefore cannot recast his Fourth Amendment claims as a substantive due process violation under the Fourteenth Amendment.

### d. Derivative Claims (Counts IV and V)

The Amended Complaint also claims that Kessem and Biedron failed to intervene to prevent each other from violating Siguenza's constitutional rights (Count IV), and that they conspired to violate his constitutional rights (Count V). To adequately state both claims, there must be an underlying constitutional violation in which the defendants failed to intervene, or about which the defendants conspired. *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) (quoting *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005)); *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). Siguenza derives the failure to intervene and conspiracy claims from his

insufficiently pled Fourth Amendment claims. The derivative claims therefore also fail. *Rosado*, 832 F.3d at 718; *see supra*, Sections I.a, I.b.

### e. State Law Claims (Counts VII and VIII)

Siguenza contends that Kessem and Biedron engaged in malicious prosecution in violation of Illinois state law. In doing so, he relies on allegations that the officers accused Siguenza of "criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings." R. 24 ¶ 65. But like Siguenza's other claims, this is conclusory, non-specific, and devoid of factual support. In order to state a claim under Illinois law, he must allege some misconduct or wrongdoing by the police after the arrest, such as giving perjured testimony, falsifying evidence, or withholding exculpatory evidence. *Sneed v. Rybicki*, 146 F.3d 478, 480–81 (7th Cir. 1998). Here, Siguenza pleads only that Kessem and Biedron made statements with the intent of influencing judicial proceedings, but he does not describe what the statements were, or even whether they were false. *Id.* (quoting *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996)) (Upholding dismissal of malicious prosecution claim where "there were no allegations that the detectives committed any improper acts after arresting [the plaintiff] without probable cause."); *Washington v. Wainscott*, No. 1:19-cv-0256, 2019 WL 4942368, at *2 (N.D. Ill. Oct. 8, 2019) (allegations that the officers provided "false information" to prosecutors was "bare-boned and conclusory"). Count VII is thus dismissed.

And finally, Siguenza's "false arrest imprisonment" claim under Illinois state law is based on the same allegations as his Fourth Amendment claim for false arrest—that Kessem and Biedron lacked probable cause to arrest him and charge him with a DUI. And like the federal false arrest claim, the state law claim lacks supporting facts to establish the absence of probable cause and cannot survive a motion to dismiss. *Braun v. Vill. of Palatine*, 56 F.4th 542, 548 (7th Cir. 2022) (existence of probable cause defeats claims for false arrest under both federal and Illinois state law).

## II. Claims Against the City (Counts VI and IX)

The City argues in part that Siguenza's *Monell* claim against it must be dismissed to the extent that the underlying federal claims against the individual officers are dismissed. They are correct. "*Monell* liability cannot survive without an underlying constitutional violation by an individual defendant." *Fulton v. Bartik*, 547 F. Supp. 3d 799, 819 (N.D. Ill. 2021) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Because Siguenza's constitutional claims against Kessom and Biedron are insufficient, Siguenza fails to allege an underlying constitutional injury to support his *Monell* claim against the City.

For the same reason, Count IX, asserting a theory of indemnification against the City, is dismissed. "A local public entity is not liable for an injury resulting from an act or omission of its employees where the employee is not liable." 745 ILCS 100/2-109. Where all claims against the individual officers are dismissed, so too must an

indemnification claim grounded in the same conduct. The Court therefore need not reach the City's remaining arguments and its motion to dismiss is granted in full.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (R. 27, 29) are granted in full and Siguenza's Amended Complaint is dismissed without prejudice. If Siguenza believes he can correct the defects identified in the opinion, he may file a proposed Second Amended Complaint and redline showing the changes made, as well as a memorandum no greater than five pages explaining why the Second Amended Complaint cures the defects, on or before October 13, 2023.


ENTERED:


_____
Honorable Thomas M. Durkin
United States District Judge

Dated: September 22, 2023